IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Martin Rodriguez, Ricardo Betancourt, Baltazar Morales, Juan Angel Morales, Jose Julian Castellano, | §<br>§<br>§<br>§ | |
| Plaintiffs | §<br>§ | CIVIL ACTION NO. |
| v. | §<br>§ | _____ |
| Syngenta Seeds, Inc., Advance Services Inc., dba JFND Staffing Inc., Alejandro Valencia, and Sandra Ramirez, | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |
| Defendants. | | |

ORIGINAL COMPLAINT

I. Introduction:

The Plaintiffs in this case are migrant agricultural workers who reside in the Texas Rio Grande Valley. In the fall of 2011, they were recruited to perform agricultural services for Defendant Syngenta Seeds, Inc. ("Syngenta") in Coon Rapids, Iowa. They accepted the offer of employment, ceased to consider other employment possibilities, packed their belongings and travelled to Iowa. Although they in all ways complied with their agreed upon work arrangement, the Defendants violated the agreement in a number of ways. Such violations include, but are not limited to the Defendants' failure to provide free housing as promised, failure to provide the promised hours of work, and failure to pay the promised wage rate. As set forth herein below, Defendants violated the Plaintiffs' labor rights in other ways as well;

Plaintiffs bring this suit under the Migrant and Seasonal Agricultural Worker Protection Act, ("AWPA"), 29 U.S.C. §1801 et seq., and for breach of contract.

II. Jurisdiction:

2.      This Court has federal question jurisdiction, 28 U.S.C. § 1331, since the case arises out

of violations of a federal statute, the Migrant and Seasonal Agricultural Worker Protection Act,

("AWPA"), 29 U.S.C. § 1801 et seq.

3.      This Court also has supplementary jurisdiction over the related state law contract claim,

pursuant to 28 U.S.C. § 1367. Such common law claim is so related to the federal claim that it

forms part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. § 1391.


III. Parties:

5.      Plaintiff Martin Rodriguez is a resident of Hidalgo County Texas.

6.      Plaintiff Ricardo Betancourt is a resident of Hildago County, Texas.

7.      Plaintiff Baltazar Morales is a resident of Hidalgo County, Texas.

8.      Plaintiff Juan Angel Morales is a resident of Hidalgo County, Texas.

9.      Plaintiff Jose Julian Castellano is a resident of Hildalgo County, Texas.

10.     Defendant Syngenta Seeds, Inc. is a Delaware corporation doing business in the state of

Texas. It may be served through its agent CT Corporation System, 350 N. St. Paul St. Suite

2900, Dallas, Texas 75201.

11.     Defendant Advance Services Inc., d/b/a JFND Staffing Inc., is a Nebraska based

corporation doing business in the state of Texas. It may be sued through its registered agent,

Corporation Service Company dba CSC at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

12.     Defendant Sandra Ramirez is a resident of the state of Iowa, and engages in business in

the state of Texas. She can be served at 315 Fifth Ave., Coon Rapids, Iowa.

2

13.    Defendant Alejandro Valencia is a resident of Hidalgo County, Texas. He can be served in Weslaco, Texas 78596.


IV. Facts:

*The Parties:*

14.    The Plaintiffs in this case are indigent migrant agricultural workers. Their permanent place of residence is Hidalgo County, Texas.

15.    Defendant Syngenta Seeds, Inc. ("Syngenta") is a corporation engaged in agricultural activities, including, but not limited to, the harvesting and processing of corn crops, and the development of corn, soybean and other seeds.

16.    In 2011, Defendant Syngenta owned and/or operated agricultural processing establishments in Coon Rapids, Iowa, including, but not limited to, a packing or processing shed used for the sorting and processing of ears of corn.

17.    At all times relevant to this lawsuit, Defendant Syngenta was engaged in the production of goods to be sold in interstate commerce.

18.    In 2011, Defendant Syngenta solicited, recruited, hired and employed migrant agricultural workers, including the Plaintiffs in this case, to work at its Coon Rapids, Iowa packing plant.

19.    Defendant Advance Services Inc. ("ASI") is a corporation dedicated to soliciting, recruiting, hiring and furnishing personnel, including migrant and seasonal agricultural workers, to Defendant Syngenta and other business enterprises.

20.     In 2011, Defendant ASI, for remuneration by Defendant Syngenta, also handled the

payment of Plaintiffs' wages for work performed for Defendant Syngenta, and related record

keeping.

21.     In 2011, Defendant Sandra Ramirez was a farm labor contractor who, in exchange for

consideration, recruited, solicited, hired and provided migrant agricultural workers, including the

Plaintiffs, to perform labor for Defendant Syngenta in its Coon Rapids, Iowa packing shed.

22.     In 2011, Defendant Sandra Ramirez, together with Syngenta staff, acted as manager and

supervisor of the Plaintiffs while they were engaged in sorting corn at Defendant Syngenta's

Coon Rapids packing shed.

23.     Defendant Sandra Ramirez also performed services for Defendant ASI, in return for

remuneration, including, but not limited to, supervising the Plaintiffs and keeping their payroll

records.

24.     Defendant Sandra Ramirez is not a licensed farm labor contractor.

25.     Defendants Syngenta, ASI, and Sandra Ramirez all had joint control over the Plaintiffs

and acted as joint employers of the Plaintiffs, as discussed herein below.

26.     At all times relevant to this lawsuit, Defendants Sandra Ramirez, Syngenta and ASI were

in agreement and acted jointly to violate the Plaintiffs' labor rights, as discussed herein below.

27.     At all times relevant to this lawsuit, Defendant Sandra Ramirez was an authorized agent

of both Defendants Syngenta and ASI.

28.     In late August 2011, Defendants Sandra Ramirez, on behalf of Defendants Syngenta

and/or ASI, contacted Defendant Alejandro Valencia while Valencia was in Hidalgo County,

Texas, and asked him, in return for remuneration, to help solicit and recruit migrant and

4

agricultural workers to perform labor at Defendant Syngenta's Coon Rapids Iowa packing facility.

29.     Defendant Alejandro Valencia accepted, and at all times acting as an agent for Defendants Ramirez, Syngenta and ASI, he recruited agricultural workers, including all of the Plaintiffs, to work with Defendant Sandra Ramirez at Defendant Syngenta's Coon Rapid, Iowa facility.

30.     During all relevant times, Defendants Sandra Ramirez and Alejandro Valencia were not licensed by the U.S. Department of Labor to act as farm labor contractors.

*Recruitment:*

31.     In August 2011, Defendant Alejandro Valencia spoke with Plaintiff Martin Rodriguez by telephone, and met with the remaining Plaintiffs in person at his Weslaco, Texas home.

32.     Defendant Valencia communicated to Plaintiffs the terms and conditions of the work arrangement being offered by Defendants Sandra Ramirez and Defendant Syngenta.

33.     The work offer made to the Plaintiffs included the following terms and conditions:

        A.      The Plaintiffs would work at processing corn for Defendant Syngenta, at a pay rate of $9.00-10.00 per hour.

        B.      Plaintiffs would receive 60-70 hours of work per week, for 7 weeks.

        C.      Plaintiffs would be provided with free housing.

        D.      Plaintiffs would be provided with free transportation to and from the work site.

        E.      Plaintiffs would be reimbursed for their expenses for travelling to Iowa.

34.     Plaintiffs received nothing in writing about the terms and conditions of their work arrangement at the time they were recruited.

35.     Plaintiffs accepted the offer of employment, ceased to search for other employment, packed their belongings, left their families, and used their scant resources to travel to Iowa, as agreed.

*Events in Iowa:*

36.     Upon their arrival in Coon Rapids Iowa, Defendant Sandra Ramirez took the Plaintiffs to the offices of Defendant ASI in Coon Rapids, Iowa.

37.     At that office, Defendant Sandra Ramirez gave the Plaintiffs a number of papers to sign, none of which were explained to them. Plaintiffs were simply told they were signing up for the promised work.

38.     In fact, such documents falsely purported to portray the Plaintiffs as employees of Defendant ASI, and stated that no number of work assignments, hours or duration of work was guaranteed, in flat contradiction of the work arrangements agreed upon at the time of recruitment.

39.     The Plaintiffs had little choice but to sign the documents, given that they were far from home, work had not yet begun, and they were completely out of funds from the trip.

40.     Defendants Syngenta, ASI and Sandra Ramirez were in agreement with and acted jointly in this effort to circumvent their obligations, and the Plaintiffs' rights, under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. 1801 *et seq.* and other laws.

41.     Such efforts to have Plaintiffs relinquish their legal rights are void as a matter of law.

42.     Plaintiffs later went to work at the Defendant Syngenta's packing shed, where they worked under the supervision of Defendant Sandra Ramirez and Syngenta staff.

43.     Plaintiffs' wages, however, were paid on initial checks issued by Defendant ASI, and later by bank cards issued by Defendant ASI.

44.     At all times relevant to this lawsuit, the Plaintiffs fully performed their agreed upon agricultural labor at the Syngenta packing shed.

45.     The Defendants, however, violated the terms of the agreed upon working arrangement in a number of ways, including, but not limited to:

    A.     Plaintiffs received much less than the promised number of hours and weeks of work.

    B.     Plaintiffs were paid far less than the promised wages.

    C.     Plaintiffs were not reimbursed for their travel expenses for the trip to Iowa.

    D.     Plaintiffs were not provided with free transportation from the housing to the work site.

    E.     Plaintiffs were not provided with free housing. This forced them to scramble for loans and/or charitable donations to avoid being evicted and left in the streets.

46.     Further, the Defendants agreed and acted in joint enterprise to violate the Plaintiffs' labor rights by:

    A.  Failing to provide the workers, including the Plaintiffs, with the required statement of hours, wages, and deductions. Instead, Plaintiffs received most of their payments through a bank card bearing no such information.

    B.  Making fraudulent statements at the time of recruitment.

    C.  Failing to provide written disclosures at the time of recruitment.

    D.  Utilizing unlicensed persons, namely Defendant Sandra Ramirez and Defendant Alejandro Valencia, to recruit the Plaintiffs.

     E.  Providing the Plaintiffs with housing that did not meet code requirements. In one unit, an upstairs bathroom leaked dirty water into the bedroom, below. In another, the electricity went out every few days. None of the required information was posted.

47.    Defendants acted knowingly and intentionally in violating the Plaintiffs' rights.

48.    Plaintiffs' have suffered economic, mental and physical harm as a result of the Defendants' unlawful acts.

V.                           PLAINTIFFS' FIRST CAUSE OF ACTION:

Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1801 *et seq.*

49.    Plaintiffs hereby reference and incorporate paragraphs 1-48 above.

50.    The Defendants in this case intentionally violated the Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1801 *et seq.* in the following ways:

     A.  Utilizing the services of unlicensed persons, Sandra Ramirez and Alejandro Valencia, to perform farm labor contracting activities, in violations of 29 U.S.C. §1811 (b), and §1842.

     B.  Knowingly giving false and misleading recruitment information to the Plaintiffs at the time of their recruitment, in violation of 29 U.S.C. §1821(f).

     C.  Violating, without justification, the terms of the work arrangement, in violation of 29 U.S.C. §1822(c).

      D.  Failing to provide written disclosures to the Plaintiffs at the time of their recruitment, in violation of 29 U.S.C. §1821.

      E.  Failure to provide the Plaintiffs with an itemized pay statement, in violation of 29 U.S.C. §1821(d)(2).

      F.  Failure to post at the housing provided to Plaintiffs a written statement of the terms and conditions of occupancy, in violation of 29 U.S.C. §1821(c).

51.    Plaintiffs are entitled to up to $500.00 per person, per violation, in statutory damages pursuant to 29 U.S.C. §1854.

VI.                    <u>PLAINTIFFS' SECOND CAUSE OF ACTION:</u>

Breach of Contract

52.    Plaintiffs hereby reference and incorporate paragraphs 1-48 above herein.

53.    Defendants Syngenta, ASI and Sandra Ramirez, acting as joint employers, and in agreement and in joint enterprise, made an offer of employment to the Plaintiffs, including the terms and conditions set forth above.

54.    Plaintiffs accepted the offer of employment, and relying on their contracts, they ceased to search for other employment opportunities, packed their belongings, left their friends and families, and used their scarce resources to travel to Iowa.

55.    When Plaintiffs arrived in Iowa, they in all ways complied with their obligations in fulfillment of the contract with Defendants.

56.    Defendants, by mutual agreement and acting in joint enterprise, breached the promises in the contract as follows:

     A.     Plaintiffs received less than the promised number of hours and weeks of work.

     B.     Plaintiffs were paid far less than the promised $9.00 to $10.00 per hour.

     C.     Plaintiffs were not reimbursed for their travel expenses for the trip to Iowa.

     D.     Plaintiffs were not provided with free transportation from the housing to the work site.

     E.     Plaintiffs were not provided with free housing.

66.     Such breach of contract caused the Plaintiffs economic, physical and emotional harm.

67.     Plaintiffs bring this claim pursuant to Texas contract law

68.     Defendants are therefore liable to Plaintiffs'for Plaintiffs' expectancy, reliance (direct, incidental, and consequential damages), restitution damages, and costs under Tex. Civ. Prac. & Rem. Code Ann. §§38.001 (Lexis 2013)

Wherefore Plaintiff prays that this Court enter Judgment in favor of the Plaintiff, and GRANT

1.     Liquidated damages in an amount of $500.00 per violation,  for Plaintiffs' harms resulting from the Defendants' violations of the Migrant and Seasonal Agricultural Worker protection Act, 29 U.S.C. § 1801 *et seq.*, and

2.     Plaintiffs' economic damages caused by the Defendants' violations of the FLSA, together with an equal amount in liquidated damages, and

2.     Plaintiffs' economic damages caused by the Defendants' breach of contract, and

3.     All reasonable costs, and

4.     Such further relief as this Court deems just and necessary.

                              Respectfully Submitted,


                              /S/Jennifer K. Harbury
                              Jennifer K. Harbury
                              Attorney in Charge
                              Attorney for Plaintiffs
                              Texas Bar No. 08946500
                              S.D. No.26569
                              TEXAS RIOGRANDE LEGAL AID, INC.
                              300 S. Texas Blvd.
                              Weslaco, Texas 78596
                              Tel. 956-447-4800
                              Fax: 956-968-8823

                              Daniela Dwyer
                              Attorney for Plaintiffs
                              Texas Bar No. 24040842
                              S.D. No. 1340753
                              TEXAS RIOGRANDE LEGAL AID, INC.
                              300 S. Texas Blvd.
                              Weslaco, Texas 78596
                              Tel. 956-447-4800
                              Fax: 956-968-8823